IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SERGIO AMAYA-ALDABA, § § Plaintiff/Counter-Defendant, § § V. § § FIFTH THIRD BANK, BRITTANY § ROBERTS as Legal Guardian for C.A. a § minor, E.L.M. a minor, and THE § ESTATE OF RODNEY MAYS by and § Through Its Personal Representative, § § Defendant/Counter-Plaintiff/Third- § Party Plaintiff, § § V. § § ESMY A. MARQUEZ GONZALEZ, § § Third-Party Defendant. § | No. 3:23-cv-2715-L-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from the presiding judge. *See* Dkt. No. 3.

Defendant/Counter-Plaintiff/Third-Party Plaintiff Fifth Third Bank filed a Motion for Default Judgment against Third-Party Defendant Esmy A. Marquez Gonzalez. *See* Dkt. No. 35.

For the following reasons, the Court should grant Fifth Third Bank's motion.

**Background**

This case concerns a mortgage and a foreclosure. Fifth Third Bank alleges that Plaintiff Sergio Amaya-Aldaba and Third-Party Defendant Esmy A. Marquez Gonzalez (collectively, "Borrowers") executed a Loan Agreement, consisting of a Note and Security Interest, in the property 507 Staffordshire Drive, Irving, Texas 75061 (the "Property"). *See* Dkt. No. 35 at 3.

Under the Loan Agreement's original terms, Borrowers promised to pay periodic payments of the original principal sum of $188,000.00 bearing an interest rate of 5.000%. *See* Dkt. No. 21 at 2-3 & 13-14. Everett Financial, Inc. d/b/a Supreme Lending, a Texas Corporation and the original security interest holder, transferred and assigned it to Fifth Third Bank. *See id.* at 2-3.

Fifth Third Bank asserts that Borrowers defaulted under the terms of the Loan Agreement, *see id.* at 3-4, and then sent notice of default and of loan acceleration via certified mail to the Property address. *See id.* at 4.

Plaintiff Sergio Amaya-Aldaba filed an Original Petition and Application for Temporary Restraining Order in Texas state court seeking to enjoin Fifth Third Bank from foreclosing on the Property. *See* Dkt. No. 21 at 1-2*;* Dkt. No. 1-1 at 6-40. And, Fifth Third Bank properly removed to this Court. *See* Dkt. No. 1.

Fifth Third Bank filed its original counterclaim against Plaintiff and third-party complaint against Third-Party Defendant Esmy A. Marquez Gonzalez seeking an order for foreclosure. *See* Dkt. No. 21.

Fifth Third Bank served Gonzalez on February 24, 2024. *See* Dkt. No. 25.

The Clerk of Court made entry of default as to Gonzalez on April 17, 2024. *See* Dkt. No. 29.

Fifth Third Bank now moves for a default judgment against Gonzalez. *See* Dkt. No. 35.

**Legal Standards**

Federal Rule of Civil Procedure 55(b)(2) governs applications to the Court for default judgment. *See* FED. R. CIV. P. 55(b)(2). A plaintiff seeking a default judgment must establish: (1) that the defendant has been served with the summons and complaint and that default was entered for its failure to appear; (2) that the defendant is neither a minor nor an incompetent person; (3) that the defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) that, if the defendant has appeared in the action, the defendant was provided with notice of the application for default judgment at least three days prior to the hearing. *See Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-cv-2092-M, 2013 WL 145502, at *2-*3 (N.D. Tex. Jan. 14, 2013). The plaintiff must also make a *prima facie* showing there is "jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001).

In the Fifth Circuit, three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the district court. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or

otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. *See id.* The clerk will enter default when default is established by an affidavit or otherwise. *See id.* After the clerk's entry of default, a plaintiff may apply to the district court for a judgment based on such default. *See id.*

The Fifth Circuit favors resolving cases on their merits and generally disfavors default judgments. *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999); *see also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the federal rules and resorted to by the courts only in extreme situations."). But this policy is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion." *Rogers*, 167 F.3d at 936 (quoting *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) (internal quotations omitted)); *see also Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990) (noting that default judgments allow courts to manage their dockets "efficiently and effectively").

Before entering a default judgment, a court should consider any relevant factors. Those factors may include "(1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion." *Arch*, 2013 WL

145502, at *3 (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). The Court should also consider whether the defendant has a meritorious defense to the complaint. *See id.*

An entry of default "does not establish the amount of damages. After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *United States of Am. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (cleaned up); *cf. Jackson v. FIE Corp.*, 302 F.3d 515, 524-31 (5th Cir. 2002) (holding that jurisdictional allegations and findings supporting a default judgment are not entitled to preclusive effect in the personal-jurisdiction context of Federal Rule of Civil Procedure 60(b)(4)). A court may enter default judgment against a party and determine damages without the benefit of an evidentiary hearing "where the amount claimed is a liquidated sum or one capable of mathematical calculation." *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998) (cleaned up).

## Analysis

I. <u>The Court has subject matter jurisdiction and personal jurisdiction.</u>

Fifth Third Bank has shown there is jurisdiction over the parties. This Court has jurisdiction under 28 U.S.C. § 1332(a) because there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and attorneys' fees.

Fifth Third Bank is a federally chartered savings association with its main office in Ohio. *See* Dkt No. 1 at 2. So, Fifth Third Bank is a citizen of Ohio. Fifth

Third Bank alleges that Third-Party Defendant Esmy A. Marquez Gonzalez is a citizen of Texas, *see* Dkt No. 1 at 2, establishing complete diversity as required for diversity jurisdiction.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation. *Farkas v. GMAC Mortg.*, L.L.C., 737 F.3d 338, 341 (5th Cir. 2013).

Here, the "object" of the litigation is the Property.

Fifth Third Bank alleges that the Dallas County Central Appraisal District values the Property at $94,190.00, which exceeds the $75,000 threshold jurisdictional requirement. *See* Dkt No. 1 at 3; Dkt. No. 1-1 at 42-47. And, so, the amount in controversy requirement is met.

A judgment "without personal jurisdiction is void," and a "district court has the duty to ensure it has the power to enter a valid default judgment." *Sys. Pipe & Supply*, 242 F.3d at 324.

This Court has personal jurisdiction over Gonzalez. "[T]he Texas long-arm statute extends to the limits of federal due process." *Bulkley & Associates, L.L.C. v. Dep't of Indus. Relations, Div. of Occupational Safety & Health of the State of California*, 1 F.4th 346, 351 (5th Cir. 2021). Federal due process requires that "the suit aris[es] out of or relate[s] to the defendant[s'] contacts with" Texas. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).

The lawsuit concerns real property located in the Northern District of Texas. *See* Dkt. No. 21 at 2.

And, so, this Court has personal jurisdiction over the Third-Party Defendant.

II. <u>The procedural requirements for default judgment have been met.</u>

Fifth Third Bank has satisfied the prerequisites for entry of default judgment against Third-Party Defendant Esmy A. Marquez Gonzalez.

Fifth Third Bank served Gonzalez on February 24, 2024. *See* Dkt. No. 25. And the Clerk of Court entered Default against Gonzalez on April 17, 2024. *See* Dkt. No. 29.

Fifth Third Bank alleges that Gonzalez is not a minor or incompetent person, *see* Dkt. No. 35-1 at 3, and submitted evidence that Gonzalez is not in active military service. *See id.* at 3-8.

And, so, Fifth Third Bank meets the procedural requirements for entry of default against Gonzalez.

III. <u>Fifth Third Bank's pleading supports default judgment.</u>

   **A. Fifth Third Bank meets the elements required for non-judicial foreclosure.**

Fifth Third Bank seeks to enforce its lien through non-judicial foreclosure under Section 51.002 of the Texas Property Code. Dkt. No. 21 at 4.

"In Texas, to foreclose under a security instrument with a power of sale, the lender is required to show that: (1) a debt exists; (2) the debt is secured by a lien created under Texas law; (3) the borrower is in default under the note and security instrument; and (4) the borrower has been properly served with notice of default and acceleration." *See Singleton v. U. S. Bank Nat'l Ass'n*, No. 4:15-cv-100-A, 2016 WL

1611378, at *7 (N.D. Tex. Apr. 20, 2016) (cleaned up).

Fifth Third Bank has shown a debt exists. Under the terms of the Loan Agreement, Borrowers promised to repay the original principal sum of $188,000 plus interest. *See* Dkt. No. 21 at 2-3 & 13-14.

The debt is secured by a lien on the Property under Article 16, Section 50(a)(6) of the Texas Constitution because Borrowers executed a Deed of Trust, which was recorded in the Official Public Records of Dallas County as Document No. 201900182607. *See* Dkt. No. 21 at 3. Fifth Third Bank provided a copy of the Deed of Trust reflecting the same. *See* Dkt. No. 21 at 11-28.

There is a default on the loan. Fifth Third Bank alleges that the Loan Agreement is due for the July 1, 2020 payment. *See* Dkt. No. 21 at 3. And, as of January 8, 2024, $253,019.35 was due and owed. *See id.* at 4.

Fifth Third Bank sent notice of default and of loan acceleration via certified mail to the Property address. *See* Dkt. No. 21 at 4.

"Service of notice is complete when the notice is sent via certified mail." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013).

And, so, Fifth Third Bank has met the elements for non-judicial foreclosure.

While some courts have found that non-judicial foreclosure is not a viable claim, "a majority of courts … appear to cut in favor of reading a breach of contract claim into a judicial foreclosure claim, where only the latter is pleaded." *Ocwen Loan Servicing, LLC v. Kingman Holdings, LLC*, No. 3:18-CV-1197-S, 2019 WL 3802167, at *5 (N.D. Tex. May 31, 2019). While Fifth Third Bank does not plead a breach of

contract claim in its third-party complaint, it refers to the Loan Agreement as a "contract." *See* Dkt. No. 21 at 4. And it states this suit arises, in part, out of Borrowers' failure to "substantially perform material obligations required under [the Loan Agreement's] terms." *See id.*

And, so, the Court should treat the request for non-judicial foreclosure as containing a breach of contract claim, and the undersigned analyzes it under that framework as well.

### B. Fifth Third Bank meets the elements required for a breach of contract claim.

In Texas, the essential elements of a breach of contract claim are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.*" Smith Int'l, Inc. v. Egle Grp.*, LLC, 490 F.3d 380, 387 (5th Cir. 2007). "A breach occurs when a party fails to perform a duty required by the contract." *Id.*

Here, Fifth Third Bank is the owner of the Loan Agreement. Under the original terms, Borrowers promised to pay periodic payments of the original principal sum of $188,000.00 bearing an interest rate of 5.000%. *See* Dkt. No. 21 at 2-3 & 13-14. Everett Financial, Inc. d/b/a Supreme Lending, a Texas Corporation and the original security interest holder, transferred and assigned it to Fifth Third Bank. *See* Dkt. No. 21 at 2-3. Fifth Third Bank alleges all conditions have been performed to enforce its security interest against the Property. *See id.* at 5.

Borrowers failed to make the July 1, 2020 payment, which resulted in loan acceleration. *Id. at 3.* And, Fifth Third Bank shows quantifiable damages by alleging that "at least $253,019.35" was due and owing under the terms of the Loan Agreement." Dkt. No. 21 at 4.

Taking Fifth Third Bank's claims to be true, it has satisfied the elements of a breach of contract claim in showing (1) a valid contract existed in the form of a Loan Agreement, (2) that Fifth Third Bank fully performed under the Loan Agreement, (3) Borrowers failed to perform in paying under the Loan Agreement, and (4) Fifth Third Bank sustained damages for the unpaid payments as a result of the breach.

And, so, Fifth Third Bank adequately pleaded a breach of contract claim.

### C. **Fifth Third Bank has standing to initiate a non-judicial foreclosure.**

Fifth Third Bank is the proper party to enforce the remedies afforded to the lender under the terms of the Loan Agreement.

> Under the Texas Property Code, a party has standing to initiate a nonjudicial foreclosure sale if the party is a mortgagee. *See* TEX. PROP. CODE §§ 51.002, 51.0025. A mortgagee includes the grantee, beneficiary, owner, or holder of a security instrument, such as a deed of trust, or "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." *Id.* § 51.0001(4), (6).
>
> Even if a party does not have a recorded interest in a security instrument, the party may still have standing to foreclose if the party is the holder or owner of a note secured by the instrument. This rule derives from the common law maxim, now codified in Texas, that "the mortgage follows the note." *See* TEX. BUS. & COM. CODE § 9.203(g) ("The attachment of a security interest in a right to payment or performance secured by a security interest

> or other lien on personal or real property is also attachment of a security interest in the security interest, mortgage, or other lien."); *Campbell v. Mortg. Elec. Registration Sys., Inc.*, No. 03-11-00429-CV, 2012 WL 1839357, at *4 (Tex. App.—Austin May 18, 2012, pet. denied) (mem.op.).

*EverBank, N.A. v. Seedergy Ventures, Inc.*, 499 S.W.3d 534, 538 (Tex. App.—Houston [14th Dist.] 2016, no pet.); TEX. PROP. CODE §§ 51.002, 51.0025.

Fifth Third Bank qualifies as a "mortgagee" under Chapter 51 of the Texas Property Code. *See* TEX. PROP. CODE § 51.0025; Dkt. No. 35 at 4. It was the last assigned entity of record of the Deed of Trust. *See* Dkt. No. 21 at 3. And, so, Fifth Third Bank can properly bring this claim.

**D. Fifth Third Bank is entitled to its reasonable attorneys' fees.**

Fifth Third Bank requests attorneys' fees in its Third-Party Complaint, *see* Dkt. No. 21 at 5, and Motion for Default Judgment. *See* Dkt. No. 35 at 5. The Court should grant Fifth Third Bank its reasonable attorneys' fees in accordance with the Loan Agreement, and Section 38.001 of the Texas Civil Practice and Remedies Code.

Texas law applies to an award of attorneys' fees in diversity cases such as this one. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Under Texas law, attorneys' fees may be recovered pursuant to mortgage contracts. *See Richardson v. Wells Fargo Bank, Nat. Ass'n*, 740 F.3d 1035, 1040 (5th Cir. 2014); *Santry v. Ocwen Loan Servicing LLC*, No. 3:23-CV-649-K-BN, 2024 WL 4229990, at *9 (N.D. Tex. Sept. 3, 2024).

Here, the Loan Agreement states that, "Lender shall be entitled to collect all

expenses incurred in pursuing the remedies provided in this [Acceleration; Remedies Section], including, but not limited to, reasonable attorneys' fees and costs of title evidence." Dkt. No. 21 at 24.

Because it is permitted in the relevant loan documents, Fifth Third Bank is entitled to its reasonable attorneys' fees for pursuing its non-judicial foreclosure claim under the Loan Agreement. *See Santry*, 2024 WL 4229990, at *9.

The Court should order Fifth Third Bank to file a separate application for attorneys' fees, no later than 14 days after entry of a judgment in this case, that establishes the amount of the reasonable and necessary attorneys' fees and costs that it has incurred, with supporting evidence, based on an acceptable method for calculating attorneys' fees under the Loan Agreement at issue in this case.

IV.  Consideration of other factors supports default judgment.

Although default judgment is a harsh remedy, Gonzalez's failure to answer Fifth Third Bank's third-party complaint supports default judgment. There has not been substantial prejudice against Gonzalez. There are clearly established grounds for default: Gonzalez failed to answer Fifth Third Bank's third-party complaint. There is no indication that Gonzalez's default was caused by good faith mistake or excusable neglect.

And, so, the Court would not necessarily feel obligated to set aside a default (should a motion to do so be filed). *See Lindsey*, 161 F.3d at 893.

**Recommendation**

The Court should grant Fifth Third Bank's Motion for Default Judgment [Dkt.

No. 35] and enter default judgment against Third-Party Defendant Esmy A. Marquez Gonzalez. The Court should also issue an order awarding Fifth Third Bank its attorneys' fees to be determined by subsequent motion practice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 10, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE